Jones, J.,
 

 dissenting. This cause should never have been certified to this court; since it has been, it should now be dismissed
 
 sua sponte
 
 for lack of power in the prosecuting attorney to file a bill of exceptions to determine simply a disputed question of fact. By sustaining his exceptions we cannot “determine the law to govern in a similar case. ’ ’' Section 13684, General Code;
 
 State
 
 v. Granville, 45 Ohio St., 264, 12 N. E., 803.
 

 We determine no principle of law helpful to the bench and
 
 bar;
 
 we merely determine in this
 
 specific
 
 case, and upon
 
 this particular
 
 record, that there was evidence tending “to sustain all the essential elements in the indictment,” and that the case should have been submitted to the jury. No one questions the power of the court to direct an acquittal in case
 
 *521
 
 of failure of proof; counsel for the state' does not now do so. Here a question of fact only was passed on by the trial court; and, in this court, as in the trial court, counsel on both sides confine themselves solely to the sufficiency of proof presented for the trial court’s action. The opinion in this case is conclusive on that point.
 

 We may differ from the trial court; we may think that court (who had the advantage of seeing and hearing the witnesses) may have erred in sustaining the defendant’s
 
 alibi,
 
 although the proof of his identification with the offense was extremely feeble; but our decision upon the peculiar facts in this case will not determine the law governing future cases where the facts will necessarily be dissimilar. This case is
 
 sui generis.
 

 Our decision is futile. We cannot reverse the judgment of acquittal, nor commit the defendant to further trial. All that this judgment accomplishes, all that it can accomplish, is to convey a rebuke to the trial judge; to extol the prosecutor by vindicating his view of the facts in a case he has lost; to cast a doubt upon the guilt or innocence of an accused who has been acquitted. ' It cannot become a polestar in our jurisprudence, pointing a definite course in other criminal cases.
 
 Gui bono?